UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PNC BANK, NATIONAL ASSOCIATION,

    Plaintiff,

v.                                                    Case No:   6:12-cv-1042-Orl-37TBS

J.P. MCCORMACK CONSTRUCTION,
INC., JAMES P. MCCORMACK,
PATRICIA MCCORMACK, MICHAEL
GIBBS, DANIEL ROBARTS and
BRITTANY ROBARTS,

    Defendants.

## REPORT AND RECOMMENDATION[1]

Pending before the Court is Plaintiff's Motion for Entry of Default Final Judgment as to Defendants Daniel Robarts, Brittany Robarts, and Michael Gibbs, pursuant to FED. R. CIV. P. 55(b). (Doc. 55). The mere entry of a default by the Clerk does not necessarily require the court to enter a default judgment. DIRECTV, Inc. v. Trawick, 359 F. Supp. 2d 1204, 1206 (M.D. Ala. 2005). To enter a judgment pursuant to Rule 55(b), there must be sufficient basis in the pleadings to support the relief sought. Id. "The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short . . . a default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover." Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d

---

[1] Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

1200, 1206 (5th Cir. 1975).[2] When there are multiple defendants, the court must consider whether it may be more prudent, under the circumstances, to delay entering a default judgment against only one of the defendants. Northland Ins. Co. v. Cailu Title Corp., 204 F.R.D. 327, 330 (W.D. Mich. 2000) ("When a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until the trial of the action on the merits against the remaining defendants.").

If a default judgment were entered against Mr. Robarts, Ms. Robarts, and Mr. Gibbs, this foreclosure action would remain pending against (at least) three other Defendants. For this reason, I find that the entry of default judgment against the three defendants subject to this motion would be improper. See North Pointe Ins. Co. v. Global Roofing & Sheet Metal Inc. et al., Case No.: 6:12-cv-476-Orl-31TBS, 2012 U.S. Dist. LEXIS 161598, at *11-12 (M.D. Fla. Sept. 4, 2012) (The default judgment provisions of Rule 55(b)(2) must be balanced against the requirements of Rule 54(b)[3]. . . Courts have interpreted this to mean that '[w]hen a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until the trial of the action on the merits against the remaining defendants.'") (quoting Northland, 204 F.R.D. at 330); see also Essex Ins. Co. v Anchor Marine Envt'l

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

[3] This Rule provides in part, "[w]hen an action presents more than one claim for relief –whether as a claim, counterclaim, crossclaim, or third-party claim–or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all claims or parties only if the court expressly determines that there is no just reason for delay." FED. R. CIV. P. 54(b).

Serv., No. 6:10-cv-340-Orl-28DAB, 2010 WL 5174025 (M.D. Fla. Nov. 18, 2010), adopted, 2010 WL 5174019 (M.D. Fla. Dec. 15, 2010) (The court declined to enter default judgment against some defendants where other claims remained against other defendants, noting that "[the] prohibition against logically inconsistent judgments does not apply only to cases where liability is deemed to be joint."); Temp. Serv. Ins. LTD. v. O'Donnell, No. 6:07-cv-1507-Orl-28GJK, 2008 WL 2730997, at *1 (M.D. Fla. July 11, 2008).

For this reason, I respectfully recommend that Plaintiff's Motion for Entry of Default Final Judgment as to Defendants Daniel Robarts, Brittany Robarts, and Michael Gibbs (Doc. 55) be **DENIED WITHOUT PREJUDICE**, to be reasserted, to the extent appropriate, when this case becomes ripe for final resolution.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on January 9, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record