**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

PNC BANK, NATIONAL
ASSOCIATION,

       Plaintiff,

v.                                                                        Case No. 6:12-cv-1042-Orl-37TBS

J.P. McCORMACK CONSTRUCTION,
INC.; JAMES P. McCORMACK; and
PATRICIA McCORMACK,

       Defendants.

---

PNC BANK, NATIONAL
ASSOCIATION,

       Plaintiff,

v.                                                                        Case No. 6:12-cv-1856-Orl-37TBS

JAMES P. McCORMACK; PATRICIA
McCORMACK; DANIEL ROBARTS;
BRITTANY ROBARTS; and MICHAEL
GIBBS,

       Defendants.

---

**ORDER**

This cause is before the Court on the following: (1) Plaintiff PNC Bank, National

Association's Motion for Entry of Final Default Judgment as to Defendants Daniel

Robarts, Brittany Robarts, and Michael Gibbs (Doc. 55), filed December 23, 2013; (2)

the Report and Recommendation of U.S. Magistrate Judge Thomas B. Smith (Doc. 56),

filed January 9, 2014; and (3) Plaintiff PNC Bank, National Association's Limited

Objection to Report and Recommendation (Doc. 58), filed January 16, 2014.

**BACKGROUND**

The Defendants in these consolidated foreclosure actions include mortgagor J.P. McCormack Construction, Inc. ("JPMCC"), mortgagors and guarantors Patricia McCormack ("P. McCormack"), and James P. McCormack ("J. McCormack") (JPMCC, P. McCormack, and J. McCormack are referred to collectively as the "Borrowers"), and tenants Daniel Robarts ("D. Robarts"), Brittany Robarts ("B. Robarts"), and Michael Gibbs ("Gibbs") (D. Robarts, B. Robarts, and Gibbs are referred to collectively as "Tenants"). (Doc. 1; Case 1856, Doc. 43.) In an Order dated November 26, 2013, the Court granted summary judgment to Plaintiff with respect to its claims against the Borrowers. (Doc. 44.) On December 17, 2013, the Court entered another Order denying Plaintiff's request for entry of summary judgment as to the Tenants, but granting Plaintiff leave to seek default judgment against the Tenants and granting Plaintiff's request to drop Tina McCormack as a party to this action. (Doc. 54.) In the December Order, the Court also directed Plaintiff to submit a proposed final judgment addressing all parties and all claims in the consolidated actions. (*Id.* at 3.)

The Clerk of the Court entered default judgments against the Tenants pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (Docs. 48–50.) As directed, on December 23, 2013, Plaintiff moved for final default judgment against the Tenants pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. (Doc. 55.) On January 9, 2014, Magistrate Judge Thomas B. Smith recommended that the motion for default be denied because the motion did not address all claims against all the Defendants. (Doc. 56 (the "Report").) Plaintiff filed limited objections to the Report. (Doc. 58.) The Motion for Default is now ripe for resolution by the Court.

**LEGAL STANDARDS**

Pursuant to Federal Rule of Civil Procedure 55(b), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint.  FED. R. CIV. P. 55(b). By default, the defendants admit the plaintiff's well-pleaded allegations of fact. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987); *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). However, the defendants are "not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.* Therefore, in considering a motion for default judgment, the Court must "ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007).

**ANALYSIS**

Upon review, the Court declines to deny final default judgment against the Tenants as recommended by the Magistrate Judge. The Court's November Order resolved Plaintiff's claims against the Borrowers (Doc. 44), and the Court's December Order terminated the only other named Defendant–Tina McCormack (Doc. 54). Accordingly, Plaintiff's claims against the Tenants are the only claims remaining in these consolidated actions, and those claims are properly resolved by entry of default judgment. *Redding v. Stockton, Whatley, Davin & Co.*, 488 So. 2d 548, 549 (Fla. 5th DCA 1986) (holding that a foreclosure action is the proper proceeding to terminate a tenant's possessory interest in a property).

Count Two of the Amended Complaint in the 1856 Action properly states claims against the Tenants *in rem* to foreclose any interests the Tenants may have in the

mortgaged property by virtue of being in possession of such property as tenants. (Case 1856, Doc. 43 at ¶¶ 39–47.) Further, Plaintiff has properly pled and established its superior rights in the property. (*Id.*) On this record, the Court finds a substantive, sufficient basis in the pleadings for entry of judgment against the Tenants on Count Two of the Amended Complaint in Case 1856. Accordingly, Plaintiff's Motion is due to be granted, and the Court will enter a separate judgment pursuant to Rule 58(a) of the Federal Rules of Civil Procedure.

## CONCLUSION

Accordingly, it is hereby **ORDERED and ADJUDGED** that:

1. The Report and Recommendation of United States Magistrate Judge Thomas B. Smith (Doc. 56) is **REJECTED**.

2. Plaintiff PNC Bank, National Association's Motion for Entry of Final Default Judgment as to Defendants Daniel Robarts, Brittany Robarts, and Michael Gibbs (Doc. 55) is **GRANTED**.

3. Pursuant to Rule 58(a) of the Federal Rules of Civil Procedure, the Court will enter a separate judgment addressing all the claims and all the Defendants in these consolidated actions.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on January 22, 2014.


ROY B. DALTON JR.
United States District Judge

4

5

Copies:

Counsel of Record